IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ENGELHARD CORPORATION,   :
                                                 :
       Plaintiff,                        :
                                                 :          5:01CV118 (DF)
vs.                                              :
                                                 :
HWV, Inc.; HARRY W. VARN;       :
and JERRY PROSSER,                   :
                                                 :
       Defendants.                    :

## O R D E R

Currently pending before the Court is a motion filed by counsel for

Defendant Jerry Prosser to withdraw from further representation of his client

in this matter (tab 95).  For the reasons set forth below, counsel's motion is

**DENIED.**

I.     FACTS

This litigation dates back four years.  It was initiated on March 16, 2001,

when Plaintiff Engelhard Corporation filed a complaint against Defendant

Harry W. Varn, and a corporate entity controlled by Mr. Varn known as HWV,

Inc. (collectively "Varn"), alleging claims for fraud and breach of contract.

According to the complaint, Engelhard hired Varn to act as its exclusive agent for the purpose of selling various pieces of heavy equipment that were being retired from service in Engelhard's kaolin-mining operations.  Varn was to receive a five percent commission on each sale.  A number of sales were made under this arrangement.

The arrangement worked like this:  Engelhard, relying on the advice of Varn and Defendant Jerry Prosser,[1] a former Engelhard employee, set minimum prices for each piece of equipment to be sold.  Engelhard then gave Varn the authority to enter sales contracts on its behalf, but never for a price lower than the preset minimum.  Varn allegedly defrauded Engelhard by conspiring with Prosser to advise the setting of inordinately low minimum prices.  Varn then sold each piece of equipment for a price higher than the set minimum, yet remitted to Engelhard an amount of money reflecting only the set minimum price.   Varn pocketed the difference and shared the loot with Prosser through kick-back payments for his help in carrying out the scheme.

At the close of discovery, Engelhard moved for summary judgment on

[1] Prosser was subsequently joined as a defendant by amended complaint when Engelhard learned through discovery that he may have played a role in the fraudulent conduct.

its breach-of-contract claim, and on Prosser's counterclaim for wrongful termination. Varn and Prosser moved for summary judgment with respect to Engelhard's whole complaint (fraud and breach of contract claims). In an Order dated September 30, 2004, the Court addressed each of these motions, granting Engelhard's summary-judgment motion in its entirety, and denying Varn's and Prosser's summary-judgment motions. As a result, the only claims left to litigate are Engelhard's fraud claims against both Varn and Prosser, and its breach-of-loyalty claim against Prosser.

On June 10, 2005, James E. Lee, II, counsel for Prosser, filed a motion to withdraw from this case. Lee's motion did not recite any reasons for his proposed withdrawal. Three days later the Court set this case down for trial on August 1. There is a relatively short time left before trial—roughly six weeks. The Court, as is its usual custom when such motions are filed, scheduled a conference call with Lee and Prosser to learn more about the underlying circumstances. That phone call was held today, June 15.

During the phone call, it quickly became apparent that Lee and Prosser have had at least the beginnings of a falling out. Lee informed the Court that he has two principal reasons for wanting off the case: (1) a fear that Prosser will

be unable to pay for his continued services—spurred in part by Prosser's recent

bankruptcy litigation; and (2) his uneasiness about having to represent a client

who has openly expressed doubt about his legal competency (in an unrelated

matter).

The Court found these reasons inadequate to warrant Lee's withdrawal

from the case at this time and orally denied Lee's motion.  Lee then asked the

Court to prepare a written order from which he could appeal.[2]  This order sets

forth the Court's reasons for denying Lee's motion.

## II.   LEGAL DISCUSSION

Lee's motion to withdraw is procedurally sound.  It fully complies with

technical requirements of this district's Local Rule 83.1.4, which governs the

withdrawal of attorneys in civil cases.  But procedural compliance is not

enough.  A motion to withdraw "may be granted unless in the judge's

discretion to do so would delay the trial of the action or otherwise interrupt the

orderly operation of the court or be manifestly unfair to the client."  L. R. 83.1.4

(M.D. Ga. 2003).

---

[2] Though the issue does not appear to have been addressed by the Eleventh
Circuit, at least two circuit courts of appeal have held that orders denying a counsel's
motion to withdraw are immediately appealable under the collateral-order doctrine. *See*
***Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., et al.,*** 310 F.3d 537, 539 (7th
Cir. 2003); *see also* ***Whiting v. Lacara,*** 187 F.3d 317, 320 (2d Cir. 1999).

Here, Lee primarily wants to sever his ties with Prosser because a rift has developed between the two, causing Lee to fear that he cannot provide Prosser with adequate representation.  Apparently, the rift stems from a letter Prosser wrote to Lee in which he accused Lee of negligently representing him in an unrelated legal matter.  The two did not disclose to the Court what this matter involved, although each made it clear that it did not pertain to the Engelhard litigation.

Lee, understandably upset with having his legal competence called into question, maintains that he cannot adequately represent a client who does not have trust, faith, and confidence in him.  Prosser, who emphatically does not want to lose Lee as his lawyer, says that he is completely satisfied with Lee's work on the Engelhard case.  Nonetheless, Lee insists that he cannot divorce the complaint about the unrelated matter from his Engelhard-related representation.  To Lee, Prosser has cast a general attack on his legal abilities; and that attack, according to Lee, impedes his ability to perform as a zealous advocate.

Secondly, Lee is concerned that Prosser will not be able to pay for his continued services.  Lee charges $150 an hour for billable-hour matters. Though Lee and Prosser could not remember the exact figure, they agree that

Prosser paid a sizable retainer back when Lee was first hired.  Lee said that

Prosser has always paid promptly in the past, is current on all legal bills, and,

to date, has paid somewhere on the order of $30,000 for services rendered.

Prosser recently filed for bankruptcy protection in North Carolina, his

home state.  His bankruptcy petition was dismissed, but Lee remains uneasy

about Prosser's continued solvency.  Prosser has promised to pay for all of

Lee's future legal services.

The Court finds that the reasons cited by Lee do not warrant granting his

motion to withdraw.  Support for this conclusion is found in the American Bar

Association's Model Rules of Professional Conduct.  Under Model Rule 1.16,

an attorney may withdraw from representing a client when:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation has been fulfilled;

> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

> (7) other good cause for withdrawal exists.

MODEL RULES OF PROF'L CONDUCT R. 1.16 (2005).[3]

---

[3] Georgia Rule of Professional Conduct 1.16, with the exception of the subsection numbering, is identical.

None of the reasons cited by Lee satisfy the Rule.  Prosser has never failed substantially to fulfill an obligation to Lee.  Prosser has always kept current on his bills and is not currently in arrears.  Nothing suggests that continuing to represent Prosser will place an unreasonable financial burden on Lee.  Lee is apprehensive about Prosser's ability to make future payments. But Lee cannot substantiate his speculation by, for instance, pointing to a past history of untimely or unmade payments.  Finally, the Court cannot say that a single isolated instance in which a client expresses dissatisfaction with his counsel's performance (in an unrelated matter) rises to the level of good cause contemplated by Rule 1.16.

## III.   CONCLUSION

Lee sincerely wants to be withdrawn from this case.  Yet he has an important obligation to Prosser, undertaken nearly three years ago, to see this case through until it is resolved.  "It is the longstanding policy of this court that attorneys . . . remain with the case until its conclusion."  L.R. 84.1.4. (M.D. Ga. 2003).  This obligation must be honored unless circumstances becomes so dire that withdrawal is the sole means by which to facilitate the bests interests of both the attorney and the client.  Because the situation, as it stands, has not become that bleak, Lee's motion to withdraw is **DENIED.**

7

SO ORDERED, this 15th day of June, 2005.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew